IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CORNELL BOYD, #475990,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 25-cv-01507-JPG |
| | ) |
| **RICHARD WATSON,** | ) |
| **SGT. MOORE,** | ) |
| **JANE DOE 1,** | ) |
| **COI VAUGHN,** | ) |
| **COI STANLEY,** | ) |
| **and DR. GREEN,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management purposes. As explained below, Plaintiff Cornell Boyd has violated multiple court orders and failed to prosecute his claims herein. Accordingly, this action shall be **DISMISSED without prejudice**. FED. R. CIV. P. 41(b).

### Discussion

On July 28, 2025, Plaintiff commenced the underlying action by filing a Complaint under 42 U.S.C. § 1983 for constitutional deprivations stemming from his confinement in St. Clair County Jail. (Doc. 1). On the same date, the Court entered a Notice instructing Plaintiff to sign and return a Consent/Non-Consent to Proceed Before A Magistrate Judge Jurisdiction Form no later than August 18, 2028. (Doc. 3). Plaintiff did not file the form by the deadline.

The Court granted a 7-day extension *sua sponte*. (Doc. 8). The Consent/Non-Consent Form was due no later than August 25, 2025. *Id*. Plaintiff also missed this extended deadline.

More than ten days after the extended deadline expired, the Court entered the below show cause order on September 5, 2025:

> ORDER TO SHOW CAUSE: Consistent with Administrative Order No. 408, Cornell Boyd was previously directed to file the attached form indicating consent to proceed before the Magistrate Judge or an affirmative declination to consent. The time for doing so has long passed, and in spite of a warning and additional time to do so, said party continues to ignore the Court's directive by not returning the form. Thus, Cornell Boyd is ordered to SHOW CAUSE why sanctions should not be imposed for failure to file the attached form as is required under Administrative Order No. 408. Show Cause Response re Consent due by 9/19/2025.

(Doc. 9).  Plaintiff did not respond to this Order.

At least ten days after the Show Cause response deadline expired, the Court warned Plaintiff that this case would be dismissed for failure to comply with the Court's Orders:

> NOTICE OF IMPENDING DISMISSAL: On July 28, 2025, Plaintiff was ORDERED to submit a signed Notice and Consent/Non-Consent to Proceed Before A Magistrate Judge Jurisdiction Form: Pursuant to Administrative Order No. 257 within 21 days. He was warned that failure to do so would result in sanctions that may include dismissal of the case. Id. The original deadline expired on August 18, 2025, and the Court provided Notice of the same and a sua sponte extension of the deadline until August 25, 2025. Plaintiff was again warned of sanctions, if he missed the deadline a second time. Plaintiff missed the extended deadline. On September 5, 2025, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to file his Consent/Non-Consent; his response deadline was September 19, 2025. To date, Plaintiff has not complied with the Court's Orders (Docs. 3, 8, or 9) or requested additional time to do so. **Plaintiff is WARNED that this case will be dismissed without prejudice for noncompliance with the Court's Orders at Docs. 3, 8, and 9, if he does not submit the signed Notice and Consent/Non-Consent by OCTOBER 10, 2025.** The Court DEFERS preliminary review of the Complaint (Doc. 1) until Plaintiff complies with this Order.

(Doc. 10) (emphasis added).  Plaintiff also disregarded the Notice of Impending Dismissal.

The Court has heard nothing from Plaintiff since the date he commenced this action.  He has not responded to the Court's Orders at Docs. 3, 8, 9, and 10.  Plaintiff has already been warned that he will face sanctions for failing to comply with these orders.

Under the circumstances, the Court deems it appropriate to dismiss this case without prejudice for Plaintiff's noncompliance with the Court's Orders to file his Consent/Non-Consent

Form (Docs. 3, 8, 9, and 10), his failure to respond to the Order to Show Cause (Doc. 9), and his failure to respond to the Notice of Impending Dismissal (Doc. 10).  By all indications, Plaintiff has abandoned his claims.  *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that, for the reasons set forth above, this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 3, 8, 9, and 10 and his failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997).  Plaintiff incurred an obligation to pay the $350.00 filing fee for this action at the time he filed it, and this filing fee obligation survives dismissal of this action.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  If the appeal is nonmeritorious, Plaintiff may incur a "strike."  A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/17/2025**                                s/J. Phil Gilbert  
**J. PHIL GILBERT**  
**United States District Judge**